Joseph L. **BARNETTE** and Leslie M. Barnette, Plaintiffs,

v.

**CHRYSLER CORPORATION** and Chrysler Credit Corporation, Defendants.

Civ. No. 77–0–166.

United States District Court, D. Nebraska.

Aug. 2, 1977.

Richard K. Lydick, Omaha, Neb., for plaintiffs.

Theodore J. Stouffer, Omaha, Neb., for defendants.

## MEMORANDUM OPINION

SCHATZ, District Judge.

This matter concerns a claim pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq.* The plaintiffs have sued to recover the cost of an automobile which they allege was defective when purchased. After repeated attempts to correct the defects, Chrysler Corporation repossessed the automobile but allegedly failed to refund the value of the car. The plaintiffs pray for relief equaling the cost of the car, which was approximately $7,000.00, their costs, attorney fees and other just relief.

Though other issues are raised by the defendants' motion to dismiss, it is only necessary to consider the defendants' allegation that the plaintiffs have failed to meet the jurisdictional requirements under the Magnuson-Moss Warranty Act. The jurisdictional scheme under 15 U.S.C. § 2310(d)(1) provides a remedy for consumers damaged by the failure of suppliers, warrantors or service contractors to comply with their obligations concerning warranties. A consumer may sue for damages and other legal and equitable relief in either state court or federal court. However, suits brought in federal court are subject to the jurisdictional limitations delineated in 15 U.S.C. § 2310(d)(3) which are as follows:

No claim shall be cognizable in a suit brought under paragraph (1)(B) of this subsection—(A) if the amount in controversy of any individual claim is less than the sum or value of $25.00; (B) if the amount in controversy is less than the sum or value of $50,000.00 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit; or (C) if the action is brought as a class action, and the number of named plaintiffs is less than one hundred.

While there is no express limitation that actions brought in federal court must be class actions, the requirement that a minimum of $50,000.00 be in controversy limits the availability of a federal forum for individual consumer actions. The claim before the Court now does not meet the minimum jurisdictional amount of $50,000.00 and, therefore, cannot be considered by this Court. An individual consumer action such as this would more appropriately be brought in state court.

Accordingly, this action is dismissed without prejudice pursuant to a separate order entered herein.