Michele K. BARR, Plaintiff,

v.

GENERAL MOTORS CORPORATION, Quality Chevrolet, Inc., Defendants.

No. C–2–77–870.

United States District Court, S. D. Ohio, E. D.

Oct. 19, 1978.

Andrew M. Fishman, Leonard J. Schwartz, Schwartz & Fishman, Columbus, Ohio, for plaintiff.

John C. Elam, Thomas B. Ridgley, Sandra J. Anderson, Vorys, Sater, Seymour & Pease, Columbus, Ohio, for defendants.

## OPINION AND ORDER

KINNEARY, District Judge.

This matter is before the Court on the motion of the plaintiff, Michele K. Barr, for declaration of a class action and the motion of the defendant, General Motors Corporation, to strike the reply memorandum of the plaintiff to the memorandum contra the motion to certify the class.

The plaintiff purchased an automobile from the defendant Quality Chevrolet, Inc., on August 30, 1977. Shortly thereafter she discovered discoloration and chipping of the paint on the car. The plaintiff then brought suit in this court as the representative of a class consisting of herself and

all persons in the United States (other than General Motors Corporation, its subsidiaries and affiliates) who purchased 1977 Chevrolet automobiles which have been painted with inappropriate or defective paint, or with a defective or improper process, or both, and which show discolored spots or have chipped or otherwise exhibited defects in workmanship in paint.

Complaint, ¶ 5. Named as defendants were Quality Chevrolet, Inc., General Motors Corporation, and a class of "all licensed, franchised dealers of General Motors Corporation engaged in the business of selling Chevrolet automobiles in the United States . . . ." Complaint, ¶ 4(b). The sole basis of federal jurisdiction alleged is 15 U.S.C. § 2301 et seq., the Magnuson-Moss Warranty—Federal Trade Commission Improvement Act [hereinafter the Magnuson-Moss Act]. Complaint, ¶ 1. This exclusive reliance upon the Magnuson-Moss Act was reinforced by the reply memorandum in which the plaintiff asserted that there are no "state law causes of action in the federal complaint," and that jurisdiction was not premised on diversity of citizenship. Reply memorandum at 1.[1]

The jurisdiction of the district court under the Magnuson-Moss Act is addressed in 15 U.S.C. § 2310; in particular, § 2310(d)(3) provides as follows:

> (3) No claim shall be cognizable in a suit brought under paragraph (1)(B) of this subsection [permitting suit to be brought in the district court]—
>
> (A) if the amount in controversy of any individual claim is less than the sum or value of $25;
>
> (B) if the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit; or

> (C) if the action is brought as a class action, and the number of named plaintiffs is less than one hundred.

The plaintiff has submitted an unusually lengthy memorandum in support of her motion for class certification, and yet wholly fails to deal with the jurisdictional prerequisites of § 2310(d)(3).

The Court will assume that each individual claim would be greater than $25, and that, given the size of the class sought to be represented, the aggregate amount in controversy in a class action would be in excess of $50,000. Attention must be focused, then, upon § 2310(d)(3)(C) which requires that a class action brought in federal court pursuant to the Magnuson-Moss Act have at least one hundred named plaintiffs.

■ While there are very few cases interpreting this recent Act, this Court is of the opinion that the language of § 2310(d)(3)(C) means what it says; there must be at least one hundred individuals *named* in the complaint, or at the very least identified in the motion to certify the class. The plaintiff seems to take the position that this requirement means no more than that the class must have in excess of one hundred members. Complaint, ¶ 1; *see* reply memorandum at 1. While it is perhaps arguable that they need not be actual parties to the law suit, they must be more than unidentified potential class members. Otherwise, the purpose of the jurisdictional provisions "to avoid trivial or insignificant actions being brought as class actions in the federal courts"[2] would be frustrated.

To construe the phrase "named plaintiffs" as simply referring to the potential size of the class would require an unusual interpretation of the plain language of the statute; the Court would also have to discount the legislative history which re-

---

1. The plaintiff's reply memorandum states that "this plaintiff filed a Magnuson-Moss action only in the federal court and filed the state court claims in state court." Reply Memorandum at 1.

2. H.R.Rep.No.93–1107, 93d Cong., 2d Sess. (1974), *reprinted in* [1974] U.S.Code Cong. &

Admin.News p. 7724. It should be noted that the strictures of § 2310(d)(3) apply only to actions brought in federal court. Presumably, actions not meeting these criteria could nonetheless be maintained "in any court of competent jurisdiction in any State or the District of Columbia" as provided in § 2310(d)(1)(A).

peatedly refers to "named plaintiffs" and "potential class member[s]" in such a way as to indicate that the two are distinct groups.[3] For example, in discussing § 2310(e), which allows the Magnuson-Moss defendant an opportunity to remedy a warranty breach, the House Report states that

> [t]he class action may be brought but may only be carried to the point of establishing the representative capacity of the named plaintiffs until those named plaintiffs afford the defendant the opportunity to cure the breach while notifying him that they are acting on behalf of the class.

H.R.Rep.No.93–1107, 93d Cong., 2d Sess. (1974), *reprinted in* [1974] U.S.Code Cong. & Admin.News, p. 7725. The reference to the "representative capacity of the named plaintiffs" indicates that the named plaintiffs, whom the statute provides shall number at least one hundred, will represent the remainder of the class. The named plaintiffs must therefore be identified for the Court to be able to determine such representative capacity.

■ Thus, the plaintiff's assertion that "the number of members in the plaintiff's class is greater than one hundred persons," Complaint, ¶ 1, does not satisfy the jurisdictional requirement of § 2310(d)(3)(C). Nor do the further statements that "on information and belief, the class exceeds several thousand persons," Complaint, ¶ 6, and that there is an "estimated class of greater than 1000," Motion to certify at 3, meet the requirement that one hundred plaintiffs be named.[4]

■ The next determination to be made is the stage in the federal court proceedings under the Magnuson-Moss Act at which these jurisdictional prerequisites must be established. It would make little sense for the Court to rely unblinkingly upon the conditional nature of any class certification, and thereby allow the § 2310(d)(3) determinations to be made after or during a full trial on the merits of the class action, for the purpose of the Act is to prevent such actions from occupying a federal forum at all unless these prerequisites are met. This Court is therefore of the opinion that the criteria of § 2310(d)(3) must be met at such time as the Court certifies the class action.[5] The local rules of this district require that that certification should be granted or denied prior to trial upon motion of the party seeking certification. *See* Local Rule 3.9.3. The burden of demonstrating compliance with § 2310(d)(3), as with the general burden of establishing the propriety of any class action, is on the party seeking certification. *Cash v. Swifton Land Corp.*, 434 F.2d 569 (CA 6, 1970).

■ In this case, the plaintiff has wholly failed to carry her burden under either the Magnuson-Moss Act or Rule 23. The motion to certify would have absolutely no function if the plaintiff can meet that burden simply by repeating the conclusory and unspecific allegations of the complaint. Here the plaintiff has presented no fact by affidavit or even by allegation which would show that there is another person with a similar claim. It is also insufficient, for purposes of § 2310(d)(3) and the numerosity requirement of Rule 23(a)(1), to state that discovery will "certainly" demonstrate that the class exists. *See Johnson v. Georgia Highway Express, Inc.*, 417 F.2d 1122, 1125 (CA 5, 1969) (Godbold, J., concurring).

---

**3.** *See id.* at 7724–25.

**4.** Such general and speculative allegations also fail to satisfy the much less specific prerequisite of Rule 23(a)(1), Federal Rules of Civil Procedure, that the class is so numerous that joinder is impracticable. *Wright v. Stone Container Corporation*, 386 F.Supp. 890 (E.D.Mo., 1974), *affirmed* 524 F.2d 1058 (CA 8, 1975); *Bill Minielli Cement Contracting, Inc. v. Richter Concrete Corp.*, 62 F.R.D. 381 (S.D.Ohio, 1973).

**5.** The Court does not require absolute proof that § 2310(d)(3) is satisfied, but there must be a colorable showing that certain specific facts exist which make the action proper for certification as a class action. Such a showing must be made in any class action under Rule 23, Federal Rules of Civil Procedure; actions brought pursuant to the Magnuson-Moss Act simply require that the additional factors of § 2310(d)(3) be established before the action can proceed in federal court rather than state court.

Since the plaintiff's conclusory allegations and unadorned speculation are insufficient to satisfy the numerosity requirement under Rule 23(a)(1), *e. g., Nguyen Da Yen v. Kissinger*, 70 F.R.D. 656 (N.D.Cal.1976), they are certainly insufficient to satisfy the precise jurisdictional mandate of § 2310(d)(3)(C) that there be one hundred named plaintiffs.[6]

■ Because the Court has determined that this case may not proceed as a class action under the Magnuson-Moss Act, the question arises whether this action must be dismissed for failure to meet the requirement of § 2310(d)(3)(B), that the total amount in controversy be at least $50,000. The provisions of § 2310(d)(3) are written in the disjunctive, and therefore all three subsections must be satisfied. In addition, § 2310(d)(3)(C) only applies "if the action is brought as a class action," which indicates that subsections (A) and (B) are intended to apply in individual actions as well as class actions. It would appear to the Court that the plaintiff's individual claim could not possibly be greater than or equal to $50,000.00.

■ Because the issue of compliance with § 2310(d) implicates the jurisdiction of the Court, the question of dismissal can be raised by the Court *sua sponte*. However, since the question proceeds directly from the defendant's arguments in opposition to the motion to certify, the Court shall treat the defendant's memorandum contra as a motion to dismiss or for summary judgment. The plaintiff shall therefore file a memorandum within twenty (20) days of the date of this order establishing why this action, proceeding as an individual claim under the Magnuson-Moss Act, should not be dismissed. The defendant General Mo-

tors will then have ten (10) days in which to reply to the plaintiff's response.

WHEREUPON, the Court determines that the plaintiff's motion to certify a class action is without merit and is therefore DENIED. The defendant's motion to strike the plaintiff's reply memorandum is also DENIED. It is further ORDERED that plaintiff shall file a response within twenty (20) days of the date of this order establishing why the plaintiff's claim under the Magnuson-Moss Act should not be dismissed. The defendant General Motors will then have ten (10) days in which to reply.

IT IS SO ORDERED.

---

**6.** The plaintiff also brought a class action for breach of warranty on various state law grounds in the Common Pleas Court of Franklin County, Ohio. The defendant, General Motors, moved to strike the class action allegations for failure to satisfy Ohio's Rule 23, which is virtually identical to the federal rule. The Common Pleas Court granted the motion, finding that the case did not satisfy any of the provisions of Rule 23(A) or (B). *Barr v. Gener-*

*al Motors Corp.*, Case No. 77CV–11–4760, Court of Common Pleas, Franklin County, Ohio (August 15, 1978). This Court is in general agreement with the Ohio court that the plaintiff has failed to meet the numerosity requirement and the requirement that the plaintiff adequately represent the class. Thus, the plaintiff's motion to certify in the present case would fail under Rule 23 even without the added burden of 15 U.S.C. § 2310(d).