Linda WATTS, Richard Podemski and on Behalf of Themselves and All Others Similarly Situated, Plaintiffs,

v.

VOLKSWAGEN ARTIENGESELLSCHAFT, a Foreign Corporation, Volkswagen of America, Inc., a New Jersey Corporation, and Volkswagen of Mid-America, Inc., a Missouri Corporation, Defendants.

Civ. No. 79–5085.

United States District Court,
W. D. Arkansas,
Fayetteville Division.

April 15, 1980.

Thomas M. Lovett, Springdale, Ark., for plaintiffs.

Thomas A. Daily, Daily, West, Core, Coffman & Canfield, Fort Smith, Ark., for Volkswagen of America, Inc.

Robert L. Jones, III, Jones, Gilbreath & Jones, Fort Smith, Ark., for Volkswagen of Mid-America, Inc.

## MEMORANDUM OPINION

PAUL X WILLIAMS, Chief Judge.

This is an action in which plaintiffs on behalf of themselves and others similarly situated, seek declaratory and injunctive relief and damages. Plaintiffs contend that they are citizens of Arkansas and owners of Volkswagen automobiles; that the defendants warranted that the automobiles would be free from defects in materials and workmanship; that the fuel injection system on the vehicles was defective; and that defendants have refused to repair or correct the defective fuel injection system. Plaintiffs assert that subject matter jurisdiction exists under the Magnuson-Moss Federal Warranty Act, 15 U.S.C. § 2301 *et seq.*, and diversity of citizenship, 28 U.S.C. § 1332. The case is before the Court on the motions to dismiss of defendants, Volkswagen of America, Inc., and Volkswagen of Mid-America, Inc., and the motion of defendant, Volkswagen of Mid-America, Inc., to deny class certification.

In the motion to dismiss of Volkswagen of America, Inc., it contends that this Court lacks subject matter jurisdiction. It points out that federal jurisdiction under the Magnuson-Moss Act is limited and contends that plaintiffs have failed to meet the jurisdictional requirements. 15 U.S.C. § 2310(d) and (e) provide as follows:

(d)(1) Subject to subsections (a)(3) [when warrantor has established a mandatory arbitration procedure] and (e) of this section, a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty, or service contract, may bring suit for damages and other legal and equitable relief—

(A) in any court of competent jurisdiction in any State or the District of Columbia; or

(B) in an appropriate district court of the United States, subject to paragraph (3) of this subsection.

(2) If a consumer finally prevails in any action brought under paragraph (1) of this subsection, he may be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of cost and expenses (including attorneys' fees based on actual time expended) determined by the court to have been reasonably incurred by the plaintiff for or in connection with the commencement and prosecution of such action, unless the court in its discretion shall determine that such an award of attorneys' fees would be inappropriate.

(3) No claim shall be cognizable in a suit brought under paragraph (1)(B) of this subsection—

(A) if the amount in controversy of any individual claim is less than the sum or value of $25;

(B) if the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit; or

(C) if the action is brought as a class action, and the number of named plaintiffs is less than one hundred.

(e) No action (other than a class action or an action respecting a warranty to which subsection (a)(3) of this section applies) may be brought under subsection (d) of this section for failure to comply with any obligation under any written or implied warranty or service contract, and a class of consumers may not proceed in a class action under such subsection with respect to such a failure except to the extent the court determines necessary to establish the representative capacity of the named plaintiffs, unless the person obligated under the warranty or service contract is afforded a reasonable opportunity to cure such failure to comply. In the case of such a class action (other than a class action respecting a warranty to which subsection (a)(3) of this section applies) brought under subsection (d) of this section for breach of any written or implied warranty or service contract, such reasonable opportunity will be afforded by the named plaintiffs and they shall at that time notify the defendant that they are acting on behalf of the class. In the case of such a class action which is brought in a district court of the United States, the representative capacity of the named plaintiffs shall be established in the application of rule 23 of the Federal Rules of Civil Procedure.

■ As can be seen, to vest a United States District Court with jurisdiction of a class action under the Magnuson-Moss Act, the plaintiffs must meet all three requirements set out in 15 U.S.C. § 2310(d)(3). *In re General Motors Corp. Engine Interchange Lit.*, 594 F.2d 1106 (7th Cir. 1979); *Novosel v. Northway Motor Car Corp.*, 460 F.Supp. 541 (N.D.N.Y.1978); *Barr v. General Motors Corp.*, 80 F.R.D. 136 (S.D.Ohio 1978); *Barnette v. Chrysler Corp.*, 434 F.Supp. 1167 (D.Neb.1977).

■ In their complaint, the two named plaintiffs seek $200.00 in damages for each member of the class in addition to an injunction prohibiting defendants from denying the class members free repairs on the fuel injection system until the automobiles have been owned for seven years or driven 75,000 miles. The amount in controversy of any individual claim is more than the sum

or value of $25.00 and the amount in controversy is greater than $50,000 when computed on the basis of all aggregate claims to be determined in the suit. But plaintiffs purport to represent a class and the number of named plaintiffs is less than one hundred.

In *Barr v. General Motors Corp.*, 80 F.R.D. ·136 (S.D.Ohio 1978), there was only one named plaintiff, but she purported to represent a class. Plaintiff moved to certify the class and the Court *sua sponte* dismissed the action for lack of subject matter jurisdiction because there were not 100 or more named plaintiffs as required by 15 U.S.C. § 2310(d)(3)(C). The Court said that the requirement concerning the number of named plaintiffs had to be met "at such time as the Court certifies the class action." *Ibid.* at 139. We note that the defendant had not raised the issue and the Court's actual holding was that the requirements of section 2310(d)(3)(C) had to be met no later than when the class certification issue is resolved.

The legislative history does not shed light on when the requirement of 100 named plaintiffs must be met. See 4 U.S.Code Cong. & Admin.News, pp. 7702, 7723–7724 and 7759 (1974).

█ In diversity actions and general federal question cases, the jurisdictional facts must exist when jurisdiction is invoked. Subsequent acts are relevant only to the extent that they shed light on what the true situation was when federal jurisdiction was invoked. *Zunamon v. Brown*, 418 F.2d 884 (8th Cir. 1969); *Smith v. Sperling*, 354 U.S. 91, 77 S.Ct. 1112, 1 L.Ed.2d 1205 (1957); *Sanders v. Hiser*, 479 F.2d 71, 73 (8th Cir. 1973). The statute which requires that leave be liberally granted to plead jurisdiction does not change the general rule; it merely allows the plaintiff an opportunity to plead what the true facts were at the time jurisdiction was initially invoked.

In the absence of any express language to indicate a Congressional intent to change the general rule concerning when the jurisdictional facts must exist, we decline to find that it has been changed. We find that this Court lacks subject matter jurisdiction over class actions under 15 U.S.C. § 2310(d)(3)· unless at the time federal jurisdiction was invoked, there were 100 named plaintiffs.

Since there are only two (2) named plaintiffs who purport to bring a class action, we do not have subject matter jurisdiction under the Magnuson-Moss Act.

Neither do we have jurisdiction under 28 U.S.C. § 1337 which gives a United States District Court jurisdiction over civil controversies arising under an act of Congress regulating commerce regardless of the amount in controversy. As stated in House Report No. 93–1107, 4 U.S.Code Cong. & Admin.News, pp. 7702, 7724 (1974):

Under the provisions of section 1337 of title 28, United States Code, the district courts of the United States have original jurisdiction of any civil action or proceeding arising under any act of Congress regulating commerce. The legislation herein reported is, of course, an act of Congress regulating commerce. This original jurisdiction vested in the district courts by section 1337 pertains without regard to the amount in controversy in any civil action or proceeding. In the absence of these provisions a civil action on a warranty under the legislation could be brought in a district court of the United States without regard to the amount involved. Under the monetary and other limitation included in subsection (d), no action could be brought in a United States district court unless the overall matter in controversy exceeded $50,000 exclusive of interests and cost, and no individual claim could be aggregated in any such action by joinder or in a class action unless it exceeded $25.00. In addition to these requirements if the action is to be brought as a class, action, there must be at least 100 named plaintiffs.

See 4 U.S.Code Cong. & ·Admin.News 7759 (1974), re effect of House provisions.

We do not have jurisdiction under 28 U.S.C. § 1332 (diversity of citizenship) or 28 U.S.C. § 1331 (general federal question) because the amount claimed by each plaintiff does not exceed $10,000.00.

The Clerk will prepare an order in accord with this Memorandum Opinion which dismisses the action for lack of subject matter jurisdiction.