Theodore STUESSY, et al.

v.

MICROSOFT CORPORATION.

No. 93–5383.

United States District Court,
E.D. Pennsylvania,
Civil Division.

Nov. 19, 1993.

Joseph C. Kohn, Kohn, Nast & Graf, Philadelphia, PA, for plaintiff.

Charles B. Casper, Montgomery, McCracken, Walker & Rhoads, Philadelphia, PA, for defendant.

## MEMORANDUM

BARTLE, District Judge.

Plaintiff, Theodore Stuessy ("Stuessy"), filed suit in the Court of Common Pleas of Philadelphia County on behalf of himself and all others similarly situated, against defendant, Microsoft Corporation ("Microsoft"). Plaintiff alleges six counts arising under state law, namely, breach of contract and of express and implied warranties, violations of consumer protection statutes, fraud, negligence and negligent misrepresentation, in connection with Microsoft's sale of computer software. Plaintiff also alleges one count arising under the Magnuson–Moss Warranty Act, 15 U.S.C. §§ 2301–2312 ("Magnuson–Moss Act"), a federal statute requiring minimum standards for consumer product warranties.

Microsoft removed the entire action on October 8, 1993, alleging both the existence of a federal question and diversity of citizenship. Before the court is plaintiff's timely motion to remand the case to the Court of Common Pleas of Philadelphia County.

Ordinarily, if a plaintiff alleges a federal cause of action in a lawsuit filed in a state court, the entire case is removable to federal court under 28 U.S.C. § 1441. However, Congress specified "strict jurisdictional requirements" for the Magnuson–Moss Act "in an attempt to channel most of the Act's litigation into State courts." *Walsh v. Ford Motor Co.*, 588 F.Supp. 1513, 1521 (D.D.C. 1984), as amended, 592 F.Supp. 1359 (D.D.C. 1984). Plaintiff agrees with defendant that

the Magnuson–Moss Act creates a federal cause of action, but contends that it only permits federal court jurisdiction over class actions where the amount in controversy is at least $50,000 and the number of named plaintiffs equals or exceeds one hundred. 15 U.S.C. § 2310(d)(3).

An unusual jurisdictional provision of the Magnuson–Moss Act requires an amount in controversy of $50,000, but also allows aggregation of class members' claims to satisfy this amount.[1] Plaintiff's Magnuson–Moss count, which alleges that "plaintiff and the Class have suffered damages in an amount in excess of $50,000," clearly satisfies this requirement. However, a second unusual provision, § 2310(d)(3)(C), requires the number of plaintiffs actually named in the complaint to equal or exceed one hundred in order for a federal court to have jurisdiction over a Magnuson–Moss Act claim.[2] Federal courts have interpreted this provision strictly in light of the Magnuson–Moss Act's stated purpose of encouraging informal resolution of consumer warranty claims. *See, e.g., Abraham v. Volkswagen of America, Inc.,* 795 F.2d 238 (2d Cir.1986); *Walsh,* 588 F.Supp. at 1521. The complaint does not meet this requirement because Stuessy is the only named class member. As such, this count could not have been brought originally in federal court and cannot provide a jurisdictional basis for removal of the state law claims.

While defendant now concedes that plaintiff's Magnuson–Moss claim could not have been brought originally in federal court due to the requirements of § 2310(d)(3)(C), defendant argues that both the Magnuson–Moss claim and the state law claims are nevertheless removable on the basis of diversity jurisdiction. The parties agree that they are citizens of states. The only dispute is whether the requisite amount in controversy has been met. For this court to have jurisdiction because of diversity of citizenship,

plaintiff must allege that the "matter in controversy exceeds the sum or value of $50,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

■ All counts of plaintiff's complaint allege that "plaintiff and the Class have suffered damages in an amount in excess of $50,000."[3] Defendant argues that this allegation should be interpreted to mean that both Stuessy's individual claim and the claims of the putative class are in excess of $50,000. Plaintiff interprets this wording differently. Stuessy contends that the amount in controversy exceeds $50,000 only when his claim and those of the class are aggregated. Such an interpretation would defeat subject matter jurisdiction since in diversity cases claims of various parties may not be aggregated to satisfy the requisite monetary minimum of 28 U.S.C. § 1332(a). *Snyder v. Harris,* 394 U.S. 332, 89 S.Ct. 1053, 22 L.Ed.2d 319 (1969).

■ The court concludes that the complaint is ambiguous on its face, as both defendant's and plaintiff's interpretations are reasonable. This case thus presents a situation where the jurisdiction of this court is unclear. As the Court of Appeals of the Third Circuit has held:

> [b]ecause lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts should be resolved in favor of remand.

*Abels v. State Farm Fire & Cas. Co.,* 770 F.2d 26, 29 (3d Cir.1985). Furthermore, the "party who urges jurisdiction on a federal court bears the burden of proving that jurisdiction exists." *Boyer v. Snap–On Tools Corp.,* 913 F.2d 108, 111 (3d Cir.1990), *cert. denied,* 498 U.S. 1085, 111 S.Ct. 959, 112 L.Ed.2d 1046 (1991). Here, as in all removal

---

1. Specifically, no Magnuson–Moss Act claim is cognizable in federal court "if the amount in controversy is less than the sum or value of $50,000 (exclusive of interest and costs) computed on the basis of all claims to be determined in this suit." 15 U.S.C. § 2310(d)(3)(B).

2. No Magnuson–Moss Act claim is cognizable in federal court "if the action is brought as a class

action, and the number of named plaintiffs is less than one hundred." 15 U.S.C. § 2310(d)(3)(C).

3. Plaintiff never alleged that the amount of the damages sought was "exclusive of interest and costs." 28 U.S.C. § 1332(a). None of the parties commented on this omission. Due to the court's disposition of the pending motion, it need not address this issue.

**692**

cases, it is the defendant who bears this burden. *Abels,* 770 F.2d at 29. This court concludes that because ambiguity exists and doubt remains regarding the sufficiency of the amount in controversy under 28 U.S.C. § 1332, defendant has not met its burden. Thus, neither the state law claims nor the Magnuson–Moss claims may be removed to federal court on this basis.

Finally, defendant argues that the state law and Magnuson–Moss claims of the putative class action members are removable under 28 U.S.C. § 1441(c) along with Stuessy's individual claim. Under this provision:

> Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

28 U.S.C. § 1441(c).

Assuming without deciding that Stuessy's claim is "separate and independent" from those of the class, this court must find that Stuessy's individual claim would itself be removable for 28 U.S.C. § 1441(c) to apply. *See Wright v. Detroit Diesel Corp.,* No. L 93–1050 (D.N.J. July 2, 1993) (bench opinion remanding case to state court).

A federal court has no jurisdiction over an individual's Magnuson–Moss Act claim "if the amount in controversy is less than the sum or value of $50,000." 15 U.S.C. § 2310(d)(3)(B). The defendant has not established that Stuessy has claimed $50,000 or more in his individual capacity in accordance with the statute's requirements. That § 2310(d)(3)(B) allows claims to be aggregated to meet the jurisdictional amount does not alter the result as to Stuessy individually. This action may not be removed under 28 U.S.C. § 1441(c).

Accordingly, plaintiff's motion to remand this case to the Court of Common Pleas of Philadelphia County will be granted.

## ORDER

AND NOW, this 19th day of November, 1993, for the reasons set forth in the foregoing Memorandum, it is hereby ORDERED that the motion of plaintiff, Theodore Stuessy, individually and on behalf of all others similarly situated, for remand to the Court of Common Pleas of Philadelphia County is GRANTED.