**David R. SCHWIESOW, on behalf of himself and all others similarly situated, Plaintiff,**

v.

**WINSTON FURNITURE COMPANY, INC. and Winston Furniture Company of Alabama, Inc., d/b/a Lyon Shaw, Defendants.**

**No. 4:97CV00635.**

United States District Court, M.D. North Carolina.

Jan. 22, 1999.

James C. Gulick, Greenville, NC, for plaintiff.

Roman C. Pibl, Salisbury, NC, for defendant.

## MEMORANDUM OPINION

TILLEY, District Judge.

On May 7, 1997, Plaintiff David R. Schwiesow, on behalf of himself and all others similarly situated, filed a Complaint in the General Court of Justice, Superior Court Division, Rowan County, North Carolina against Defendants Winston Furniture Company, Inc. and Winston Furniture Company of Alabama, Inc., d/b/a Lyon Shaw ("Winston") alleging violations of the Magnuson–Moss Warranty Act, 15 U.S.C. § 2301 *et seq.* (the "Act"). Schwiesow alleges that in 1990 he purchased wrought-iron patio furniture from the Defendants for residential use. The furniture, which cost about $490.00, contained a written "full 10-year frame and finish guarantee." Schwiesow claims that when the furniture began to rust, he attempted to return the furniture for repair and was told that he would have to pay the cost of shipping the furniture to and from Winston's North Carolina plant. Schwiesow claims that this violated 15 U.S.C. § 2304, which requires that, under a full warranty, a warrantor must remedy any defect "without charge." Although Schwiesow brought this action on behalf of all others similarly

situated, currently he is the only named plaintiff on the Complaint.

On June 12, 1997, pursuant to 28 U.S.C. § 1441, Winston removed this action to the United States District Court for the Middle District of North Carolina, alleging federal question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332. On July 14, 1997, Schwiesow filed a motion to remand the case to North Carolina state court pursuant to 28 U.S.C. § 1447(c). For the reasons stated below, Schwiesow's motion to remand is GRANTED.

## I.

"The burden of establishing federal jurisdiction is placed upon the party seeking removal." *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir.1994) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 42 S.Ct. 35, 66 L.Ed. 144 (1921)). "Because removal jurisdiction raises significant federalism concerns, we must strictly construe removal jurisdiction." *Id.* (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941)). "If federal jurisdiction is doubtful, a remand is necessary." *Id.* (citation omitted).

■ Here, Winston has the burden of proving that removal is proper. Generally speaking, "[a] defendant may remove any action from a state court to a federal court if the action could have originally been brought in federal court." *Yarnevic v. Brink's, Inc.*, 102 F.3d 753, 754 (4th Cir. 1996); 28 U.S.C. § 1441. A Magnuson-Moss claim can be brought in federal court under limited circumstances. Section 2310(d)(1) of the Act states that

a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written

warranty, implied warranty, or service contract, may bring suit for damages and other legal and equitable relief (A) in any court of competent jurisdiction in any State or the District of Columbia; or (B) in an appropriate district court of the United States, subject to paragraph (3) of this subsection.

15 U.S.C. § 2310(d)(1). Section 2310(d)(3) states that:

No claim shall be cognizable in a suit brought under paragraph (1)(B) of this subsection (A) if the amount in controversy of any individual claim is less than the sum or value of $25; (B) if the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit; or (C) if the action is brought as a class action, and the number of named plaintiffs is less than one hundred.

15 U.S.C. § 2310(d)(3). Thus, to vest a United States District Court with jurisdiction of a class action under the Act, all three requirements set out in section 2310(d)(3) must be met. *See Watts v. Volkswagen Artiengesellschaft*, 488 F.Supp. 1233, 1235 (W.D.Ark.1980); *see also Saval v. BL Ltd.*, 710 F.2d 1027, 1029 (4th Cir.1983). "The purpose of these jurisdictional provisions is to avoid trivial or insignificant actions being brought as class actions in the federal courts." *Saval*, 710 F.2d at 1030 (quoting H.R.Rep. No. 93–1107, *reprinted in* 1974 U.S.C.C.A.N. 7702, 7724) (internal quotations omitted). Section 2310(d) "is designed to restrict access to federal courts." *Id.*

■ Schwiesow admits that the amount of each individual claim is greater than $25 and the claims of all class members collectively exceed $50,000.[1] (Pl.'s Mot. Remand State Ct. & Supporting Mem. [Doc. # 7] at

---

1. Winston's claim that Schwiesow may pursue an individual action in federal court, (Defs.' Objection & Resp. Pl.'s Mot. Remand State Ct. [Doc. # 10] at 5), is unfounded since his individual damages do not meet the $50,-

000 minimum set forth in section 2310(d)(3)(B) where he paid only $490 for the furniture. *See Stuessy v. Microsoft Corp.*, 837 F.Supp. 690, 692 (E.D.Pa.1993).

6.) However, Schwiesow claims that since he is the only named plaintiff, section 2310(d)(3)(C) is not satisfied. Section 2310(d)(3)(C) requires at least one hundred "named plaintiffs." Unfortunately, neither the Act nor the legislative history indicates when this requirement for one-hundred named plaintiffs must be met. *See Watts,* 488 F.Supp. at 1236.

Although the Fourth Circuit has not yet interpreted section 2310(d)(3)(C), other courts have interpreted the language literally. *See Stuessy v. Microsoft Corp.,* 837 F.Supp. 690, 691 (E.D.Pa.1993) (holding that section 2310(d)(3)(C) "requires the number of plaintiffs actually named in the complaint to equal or exceed one hundred in order for a federal court to have jurisdiction"); *Watts,* 488 F.Supp. at 1236 (holding that a federal court lacks jurisdiction "unless at the time federal jurisdiction was invoked, there were 100 named plaintiffs"); *Barr v. General Motors Corp.,* 80 F.R.D. 136, 138 (S.D.Ohio 1978) ("[T]he language of § 2310(d)(3)(C) means what it says; there must be at least one hundred individuals named in the complaint, or at the very least identified in the motion to certify the class.").

The rules regarding removal based on diversity jurisdiction are helpful in determining when the one hundred plaintiffs must be named. "In diversity actions and general federal question cases, the jurisdictional facts must exist when jurisdiction is invoked." *Watts,* 488 F.Supp. at 1236 (citing *Smith v. Sperling,* 354 U.S. 91, 77 S.Ct. 1112, 1 L.Ed.2d 1205 (1957); *Sanders v. Hiser,* 479 F.2d 71, 73 (8th Cir.1973); *Zunamon v. Brown,* 418 F.2d 883 (8th Cir.1969)). The Fourth Circuit has stated that "to support diversity jurisdiction in removed cases, diversity must have existed both at the time the action was originally commenced in state court and at the time of filing the petition for removal." *Rowland v. Patterson,* 882 F.2d 97, 99 (4th Cir.1989) (citing 14A Wright, Fed.Prac. § 3723, at 311–14 (1985)). A civil action is commenced by "filing a complaint with the court." *Id.* at 98 (quoting Fed.R.Civ.P. 3) (internal quotations omitted).

Other courts have held that the requirement of one hundred "named plaintiffs" mandates that they be "more than unidentified potential class members." *Barr,* 80 F.R.D. at 138. Thus, it is not enough that Schwiesow stated in his Complaint that "[t]he Class consists of hundreds if not thousands of members." (Complaint, ¶ 7(a).) "To construe the phrase 'named plaintiffs' as simply referring to the potential size of the class would require an unusual interpretation of the plain language of the statute; the Court would also have to discount the legislative history which repeatedly refers to 'named plaintiffs' and 'potential class member(s)' in such a way as to indicate that the two are distinct groups." *Barr,* 80 F.R.D. at 138–39.

■ Therefore, for a federal court to have jurisdiction under section 2310(d)(3)(C) of the Magnuson–Moss Warranty Act, the one hundred plaintiffs must be named in the complaint and must exist at the time the petition for removal is filed. This holding is consistent with the provision's purpose of restricting access to the federal courts. *See Saval,* 710 F.2d at 1030.

In this case, Schwiesow was the only named plaintiff when the Complaint was filed and when the action was removed. Since the requirements of section 2310(d)(3)(C) were not met at the time the action was commenced or at the time of removal, this Court does not have subject matter jurisdiction.

## II.

■ This Court does not have diversity jurisdiction under 28 U.S.C. § 1332 because the amount in controversy claimed by each plaintiff does not exceed $75,000. In a class action suit, the claims of class members can not be aggregated to satisfy the jurisdictional amount, and each member 'must individually claim $75,000. *See*

*Snyder v. Harris,* 394 U.S. 332, 89 S.Ct. 1053, 22 L.Ed.2d .319 (1969); *Stuessy,* 837 F.Supp. at 691; *Watts,* 488 F.Supp. at 1237.

### III.

■ Pursuant to 28 U.S.C. § 1447(c), Schwiesow requests an award of costs and attorneys' fees incurred as a result of Wilson's removal of this case. Such an award is within the discretion of the court. Because there is no evidence that removal was done in bad faith or without a reasonable basis, Schwiesow's request for costs and attorneys' fees is denied.

### IV.

For the reasons stated above, Schwiesow's motion to remand is GRANTED, and this action is REMANDED to the General Court of Justice, Superior Court Division, Rowan County, North Carolina. Schwiesow's request for costs and attorneys' fees incurred as a result of the removal of this action is DENIED.