Stanley L. FLEMING and Gayle R. Fleming, Plaintiffs,

v.

APOLLO MOTOR HOMES, INC., Chrysler Corporation, Safford Lincoln Mercury, Inc., and Maryland National Bank, Defendants.

No. C–79–426–D.

United States District Court, M. D. North Carolina, Durham Division.

July 2, 1980.

Edward L. Embree, III, Durham, N. C., for plaintiffs.

Robert B. Glenn, Jr., Durham, N. C., C. Woodrow Teague, George W. Dennis, III, Raleigh, N. C., David M. Cox, Greensboro, N. C., David Macdonald, Silver Spring, Md., Benjamin F. Davis, Jr., Greensboro, N. C., for defendants.

## MEMORANDUM OPINION

WARD, District Judge.

■ This case is before the Court for rulings on the defendant Maryland National Bank's motions to dismiss for lack of subject matter jurisdiction, Rule 12(b)(1), Fed.R.Civ.P., improper venue, Rule 12(b)(3), Fed.R.Civ.P., and lack of personal jurisdiction, Rule 12(b)(2), Fed.R.Civ.P., and the defendant Safford Lincoln Mercury's motions to dismiss for lack of subject matter jurisdiction and improper venue. The plaintiffs have not responded. Accordingly, the motions are treated as uncontested. Local Rule 21(n).[1] For the reasons set out below, the Court will grant the Bank's motions and will deny Safford's motions except as to one of the plaintiffs' claims.

In April 1977, the plaintiffs Stanley and Gayle Fleming bought a motor home from the defendant Safford, an automobile dealer in Silver Spring, Maryland. The Flemings are North Carolina citizens; Safford is a Maryland corporation. The defendant Bank, a Maryland corporation, holds the Flemings' note and security agreement as Safford's assignee. The defendant Apollo Motor Homes, a California corporation, and the defendant Chrysler Corporation, a Michigan corporation, manufactured and assembled the motor home. The Flemings paid Safford $7,000 in cash and obligated themselves for an additional $46,808.40. Chrysler, Apollo, and Safford each allegedly warranted, by written statement or otherwise, that the motor home was "suitable for the normal usages and purposes of such a vehicle." Complaint ¶ 36 (June 25, 1979). Subsequent to the purchase, the motor home caught fire on several occasions because of a faulty oil line.

The Flemings assert at least two claims against Safford, Apollo, and Chrysler: (1) violation of the federal Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.*; and (2) breach of warranty under Maryland law. As remedies, they seek either recision or $33,000 in damages. The Flemings do not name the Bank in any of their claims. Apparently, they have added it as a defendant simply because a recision of the contract would affect it. *See* Complaint, Prayer for Relief ¶ 2. The Bank and Safford have now moved for dismissal on a variety of grounds.

■ The suit against the Bank must be dismissed. ᵛThis Court has no subject matter jurisdiction over the Flemings' claim against the Bank under the Magnuson-Moss Act. The Bank is neither "a supplier, warrantor, or service contractor . . . ," 15 U.S.C. § 2310(d)(1); and the amount in controversy is admittedly less than the $50,000 jurisdictional minimum required for suits under the Act, 15 U.S.C. § 2310(d)(3)(B); *Novosel v. Northway Motor Car Corp.*, 460

---

1. A motion is not granted simply because it is uncontested. The trial court must always make an independent determination that the motion is meritorious. *See, e. g., Wilson v. Continental Group, Inc.*, 451 F.Supp. 1 (M.D.N. C.1978).

F.Supp. 541, 543–44 (N.D.N.Y.1978); *Barnette v. Chrysler Corp.*, 434 F.Supp. 1167 (D.Neb.1977). Moreover, under any of the Flemings' claims, this Court lacks personal jurisdiction over the Bank. The Bank has properly raised the issue of personal jurisdiction by denying any "presence" in North Carolina, Affidavit of Joseph Crouse (July 20, 1979), and has thereby shifted to the Flemings the burden of showing jurisdictional facts. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182–83, 56 S.Ct. 780, 782, 80 L.Ed. 1135, 1137 (1936); *Bowman v. Curt G. Joa, Inc.*, 361 F.2d 706, 716 (4th Cir. 1966); *Bryson v. Northlake Hilton*, 407 F.Supp. 73, 75 (M.D.N.C.1976). The Flemings have not responded; and the case file does not otherwise disclose facts which establish jurisdiction. The Court therefore finds that it lacks personal jurisdiction over the Bank. *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980).[2]

■ Safford, on the other hand, must remain a defendant to the Flemings' suit. Safford asserts two grounds for dismissal: (1) this Court lacks subject matter jurisdiction since the Flemings' jurisdictional statement, which asserts the Magnuson-Moss Act as the sole basis for jurisdiction, is faulty, there being less than $50,000 in controversy; and (2) venue is improper under 28 U.S.C. § 1391(a) since jurisdiction is not founded exclusively on diversity of citizenship. These arguments contradict each other: the first assumes the existence of but one jurisdictional base while the second assumes another jurisdictional base exists. In any event, and in any combination, they are without merit.[3]

■ As noted above, this Court has no jurisdiction to decide the Flemings' claim under Magnuson-Moss. Safford is undoubtedly a "supplier" or "warrantor," 15 U.S.C. § 2310(d)(1), but the Flemings' claim is for less than $50,000, the jurisdictional minimum for suits under the Act, 15 U.S.C. § 2310(d)(3). The Magnuson-Moss claim will therefore be dismissed.[4]

■ Finding a lack of jurisdiction under Magnuson-Moss does not end the jurisdictional inquiry, however. Federal courts have long followed the principle that subject matter jurisdiction will be found "when an examination of the entire complaint reveals a proper basis for assuming jurisdiction other than the one that has been improperly asserted . . . ." 5 Wright & Miller, *Federal Practice & Procedure*, § 1206, at p. 77 (1969); *see, e. g., Vukonich v. Civil Service Commission*, 589 F.2d 494, 496 n.1 (10th Cir. 1978); *Rohler v. TRW, Inc.*, 576 F.2d 1260, 1264 (7th Cir. 1978); *Vermeulen v. Central States, Southeast and Southwest Area Pension Fund*, 490 F.Supp. 234, 237 n.7 (M.D.N.C.1980); *Wong v. Bacon*, 445 F.Supp. 1177, 1182 (N.D.Cal.1977). Consequently, the Flemings' erroneous jurisdictional statement, *see* Complaint ¶ 6, does not control.

■ Looking at the entire complaint, the Court holds that the Flemings have properly asserted grounds for diversity of citizenship jurisdiction. 28 U.S.C. § 1332. They have brought a civil action for breach of warranty; the amount in controversy exceeds $10,000; and none of the parties defendant are citizens of the same state as the Flemings.

This lawsuit is therefore "[a] civil action wherein jurisdiction is founded only on di-

---

2. The Court therefore has no cause to pass on the Bank's motion to dismiss for improper venue.

3. Safford has failed to assert the one ground for dismissal that, given a recent Supreme Court decision, would probably be meritorious: lack of personal jurisdiction. Rule 12(b)(2), Fed.R.Civ.P. *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 100 S.Ct. 580, 62 L.Ed.2d 490 (1980). By failing to join such a motion with its other motions to dismiss, Saf-

ford has waived its right to assert the issue. Rule 12(g) & (h)(1), Fed.R.Civ.P.

4. For the same reason, the Flemings' claims under Magnuson-Moss against Chrysler and Apollo will also be dismissed. The trial court may always raise and decide *sua sponte* its jurisdiction over the subject matter of a particular claim. *See, e. g., Orr v. Orr*, 440 U.S. 268, 271, 99 S.Ct. 1102, 1107, 59 L.Ed.2d 306, 314 (1979).

versity of citizenship . . . ." and consequently may "be brought only in the judicial district where all the plaintiffs . . . reside . . . ." 28 U.S.C. § 1391(a). The Flemings assert they are residents of Durham County, North Carolina, Complaint ¶ 1, a part of the Middle District of North Carolina. Safford does not question that assertion. Venue is therefore proper.

IT IS THEREFORE ORDERED that the defendant Maryland National Bank's motions to dismiss for lack of subject matter jurisdiction and for lack of personal jurisdiction be, and the same hereby are, GRANTED, and that the plaintiffs' action against the Maryland National Bank be, and the same hereby is, DISMISSED. IT IS FURTHER ORDERED that the defendant Safford Mercury Lincoln's motion to dismiss for lack of subject matter jurisdiction as to the plaintiffs' claim under the Magnuson-Moss Act be, and the same hereby is, GRANTED, and that the remainder of Safford's motion to dismiss for lack of subject matter jurisdiction and its additional motion to dismiss for improper venue be, and the same hereby are, DENIED. IT IS FURTHER ORDERED that, on this Court's motion, the plaintiffs' claims under the Magnuson-Moss Act against Chrysler Corporation and Apollo Motor Homes be, and the same hereby are, DISMISSED.