**Jeffrey M. REIFF**

v.

**DON ROSEN CADILLAC–BMW, INC. and BMW of North America.**

**Civ. A. No. 80–1727.**

United States District Court, E. D. Pennsylvania.

Sept. 17, 1980.

Milton S. Lazaroff, Techner, Rubin, Shapiro & Lazaroff, Philadelphia, Pa., for plaintiff.

Hugh M. Emory, Philadelphia, Pa., for BMW of North America.

Edward Jay Weiss, Media, Pa., for Don Rosen Cadillac Co.

## MEMORANDUM

LOUIS H. POLLAK, District Judge.

On May 5, 1980, plaintiff Jeffrey M. Reiff, Esq., filed a complaint against Don Rosen Cadillac–BMW, Inc. (hereinafter "Don Rosen") and against BMW of North America (hereinafter "BMW") alleging, *inter alia,* that in reliance on Don Rosen's

advertised claims of quality in regard to BMW automobiles, he had purchased from Don Rosen what he believed to be a new BMW automobile; that Don Rosen and BMW warranted the condition of the automobile to him; that shortly after he received the car he found that the car's odometer was not connected; that he has since learned that, prior to his purchase, the car had been driven to Don Rosen in Pennsylvania from another BMW agency in Ohio; that subsequent to purchase the car has malfunctioned in various and sundry ways;[1] and, finally, that he has asked Don Rosen to repair the malfunctions, but to no avail. Thus, Reiff asserts federal causes of action against both defendants under the Magnuson–Moss Act, 15 U.S.C. § 2310(d), under the Disclosure of Automobile Information Act, 15 U.S.C. § 1231 et seq., and under the Odometer Requirement Act, 15 U.S.C. § 1981 et seq. He also asserts state law claims in trespass and for breach of warranty. Both defendants have filed motions to dismiss plaintiff's federal claims, and with them, the state law claims.

*Don Rosen's Motion to Dismiss*

■ Plaintiff's complaint, read liberally, adequately states a federal claim against Don Rosen under the Odometer Requirement Act. The complaint does not, in terms, state that defendant Don Rosen possessed the intent to defraud which is a necessary element of a private action under 15 U.S.C. § 1989. The complaint does, however, recite (1) that Don Rosen represented that the car which plaintiff purchased had not been driven, and (2) that Don Rosen sold the car with an odometer reading of zero, even though the car had been delivered to Don Rosen after being driven a

substantial distance from another BMW agency. Whether the factual allegations encompass an assertion that Don Rosen had actual knowledge that the odometer reading was incorrect at the time the car was sold to plaintiff, or merely the assertion that Don Rosen proceeded with the sale in reckless disregard of the odometer's accuracy, the requisite intent to defraud would permissibly be inferred from the facts alleged. *Nieto v. Pence*, 578 F.2d 640 (5th Cir. 1978).

■ Plaintiff may be able to maintain a theory of applicable damages measured by the difference in value between the new car he thought he had purchased, and the somewhat worn model he now believes he received. *Duval v. Midwest Auto City, Inc.*, 425 F.Supp. 1381 (D.C.Neb.1977), *aff'd*, 578 F.2d 721 (8th Cir. 1978). In addition, the breakdown of the various components of the car so shortly after purchase, might, in themselves, be evidence of the inaccuracy in the odometer's zero reading at the time of purchase. Because the. factual aspects of the federal claims will thus overlap with elements of the state warranty and trespass claims, there is a sufficient relationship between the state and federal claims to support the exercise of this court's pendent jurisdiction.[2]

*BMW's Motion to Dismiss*

■ Reiff's attempt to state a federal claim against BMW fares less well. The Disclosure of Automobile Information Act, 15 U.S.C. § 1231 et seq., establishes certain criminal penalties for a manufacturer's failure to affix to a new automobile a label

---

1. Plaintiff states that the engine burned out after 843 miles as a result of a defective cooling system, and that the planing down of the engine by Don Rosen, done by way of attempted repair, has failed to restore the car to factory specifications and, indeed, has caused abnormal fuel consumption. In addition, plaintiff notes that the paint is peeling and that the paint job is apparently not of factory origin; that the brakes have malfunctioned; that there is broken glass in the trunk; that the car is neither airtight nor watertight; and that the ignition starter burned out on April 29, 1980.

2. Plaintiff's claim under 15 U.S.C. § 2310(d) against this defendant does not meet the requisite jurisdictional amount and appears to be duplicative of his pendent state warranty claims. It will be dismissed. For reasons set forth *infra*, the claim asserted under 15 U.S.C. § 1231 also offers plaintiff no independent basis for relief. I will therefore grant defendant's motion to dismiss that claim as well.

**80**

specifying, among other things: the make, model, and serial number of the automobile; the name of the dealer to whom it is to be delivered; the method of transportation used in making delivery; and the suggested retail price. 15 U.S.C. § 1232. The complaint makes no reference to the required sticker. Even if the statement in the complaint that Reiff was unaware of the actual place of delivery might be read as an assertion that the sticker was not attached, as plaintiff suggests, there is still nothing in the complaint which would tend to connect the absent sticker with the action, or inaction, of BMW. But perhaps more to the point, the Automobile Information Act provides only for criminal penalties against its violators. Reiff has cited no case in which a private civil suit has been maintained under this Act, and he offers no reason why a private action should be implied. Thus, the claim for damages under 15 U.S.C. § 1231 *et seq.* will not stand.

■ Reiff's attempt to state a claim against BMW under the Odometer Requirements Act is also insufficient. The complaint may be read to encompass the allegation that the odometer was disconnected, or, indeed, never connected, by BMW. But if this occurred, it occurred at some substantial distance up the chain of distribution from Reiff's purchase of the automobile. There is no assertion that this defendant had any direct contact with Reiff, or, more importantly, that BMW made representations to Reiff about the mileage of the automobile. And there is certainly no allegation in the complaint, or any facts stated from which to infer, that BMW joined in a conspiracy to defraud Reiff.

■ The Magnuson–Moss Act claim against this defendant must also be dismissed. That Act grants jurisdiction to the federal district courts only where the amount in controversy is in excess of $50,-000. 15 U.S.C. § 2310(d)(3)(B). Plaintiff has certified that damages in this case do not exceed $50,000. Thus, federal jurisdiction over this portion of Reiff's complaint cannot be sustained.

Reiff notes that there is apparently diversity of citizenship between himself, a Pennsylvania citizen, and BMW, a Delaware corporation, whose principal place of business is in New Jersey—and further, that the amount in controversy exceeds $10,000. Although plaintiff did not invoke 28 U.S.C. § 1332 in his complaint, he now asserts it as the basis for federal jurisdiction over both the Magnuson–Moss Act and state law claims.

■ Plaintiff's attempt will, of course, fail. It is not diversity of citizenship between opposing parties on any particular claim which permits the exercise of federal diversity jurisdiction. Rather, there must be complete diversity between parties on opposing sides of the litigation. Here, Don Rosen shares Pennsylvania citizenship with Reiff, thereby defeating complete diversity, and with it the jurisdictional basis for plaintiff's state law and Magnuson–Moss Act claims against BMW.

BMW's motion to dismiss will be granted.