Raymond C. SEYBOLD, Plaintiff,

v.

FRANCIS P. DEAN, INC. and Peugeot Motors of America, Inc., Defendants.

Civ. A. No. 83–137.

United States District Court,
W.D. Pennsylvania.

Feb. 24, 1986.

Daniel Gramc, Goerhring, Rutter & Boehm, Pittsburgh, Pa., for plaintiff.

Michael Wallisch, John R. Luke, Pittsburgh, Pa., for Francis P. Dean, Inc.

Donald A. Kortlandt, Thomas E. Birsic, Pittsburgh, Pa., for Peugeot Motors.

## OPINION

COHILL, Chief Judge.

Presently before us is Plaintiff's "Petition to Allow Attorney's Fees, Expenses and Costs" pursuant to § 2310(d)(2) of the Magnuson-Moss Warranty—Federal Trade Commission Improvement Act, 15 U.S.C. §§ 2301–2312 (1976) ("MMA"). Plaintiff initiated the underlying action on January 19, 1983 seeking damages for alleged uncorrected defects in his 1982 Peugeot 505 Turbo Diesel Sedan.

*Background*

The Complaint alleged diversity jurisdiction, 28 U.S.C. § 1332(a), and set forth three counts based on New Jersey law: (1) revocation of acceptance under § 2–608 of the New Jersey Uniform Commercial Code, NJSA 12A:2–608; (2) breach of express warranties; and (3) breach of implied warranties of merchantability. Generally, Plaintiff averred that he ordered an automobile from Defendant Peugeot Motors of America, Inc. ("Peugeot") through Defendant Francis P. Dean, Inc. ("Dean") of Pittsburgh, an authorized Peugeot dealer, arranging for delivery in France. The automobile, according to the Complaint, arrived in a defective condition and, despite numerous attempts by various Peugeot dealers in France and the United States, was never properly repaired. There was no reference in the Complaint to the MMA.

Both Defendants filed crossclaims, Peugeot seeking to recover the commission it paid Dean should Plaintiff succeed in revoking his acceptance, and Dean seeking indemnification from Peugeot in the event that Dean was found liable. At the close of Plaintiff's case, we granted Dean's Motion for a directed verdict dismissing both

Plaintiff's claim against Dean and Dean's cross-claim against Peugeot. The jury, using special interrogatories, returned a verdict for Plaintiff permitting him to revoke acceptance and recover the full purchase price of the car, $14,260.00, plus $298.00 in consequential damages. Since Defendant Peugeot did not recover on its crossclaim, Dean has no part in the present proceeding.

Although Plaintiff never formally pled a claim for attorney's fees under the MMA, both Plaintiff and Defendant Dean raised the issue prior to trial. *See* Plaintiff's Answers to Defendant Peugeot's Interrogatories, at ¶ 17; Defendant Dean's Answer and Crossclaim, at ¶ 46. At a pretrial conference, the parties were directed to submit briefs on the issue. However, since the issue would not be submitted to the jury, we reserved judgment until after trial. Post-trial arguments were held on February 3, 1986.

*Pleadings*

■ Initially, we must address Peugeot's contention that Plaintiff is precluded from raising a claim for attorney's fees under the MMA because his pleadings do not contain a claim for relief under the Act. Under the facts and circumstances of this case, we do not believe this failure precludes us from entertaining this fee application filed pursuant to the MMA.

The Federal Rules of Civil Procedure and the decisions construing them evince a philosophy that when a party has a valid claim, he should recover on it regardless of his counsel's failure to perceive the true basis of his claim at the pleading stage, provided that permitting this relief does not work to the prejudice of the opposing party. *Webb v. Hiykel*, 713 F.2d 405, 408 (8th Cir.1983). Rule 15(b) of the Federal Rules of Civil Procedure provides: "[w]hen issues not raised by the pleadings are tried by the express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." Under this rule, even if the parties do not consent to trial of an issue beyond the scope of the pleadings, and an objection is made at trial on those grounds, amend-ment may still be allowed unless the objecting party satisfies the court that he would be prejudiced by the amendment. *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 457 (10th Cir.1982). Prejudice is indicated when the amendment deprives the Defendant of a fair opportunity to defend against the new issues raised and deprives him of the chance to offer additional evidence. *Evans Products Co. v. West American Insurance Co.*, 736 F.2d 920, 924 (3d Cir.1984); *R.A. Pohl Const. Co. v. Marshall*, 640 F.2d 266 (10th Cir.1981). This interpretation reflects the purpose of pleadings under the Federal Rules: to give notice to the opposition as to what it must defend against.

Defendant has not shown how it will be unduly prejudiced if we deem the Complaint to be amended to include a claim under the Act. We do not accept the Defendant's contention that the issue did not occur to Plaintiff until the eve of trial. Defendant was put on notice of the MMA claim more than two years before the trial. On June 13, 1983, Defendant Peugeot served Plaintiff with its first set of interrogatories wherein Plaintiff was asked to itemize the costs he incurred as a result of any defect in the automobile or any breach of warranty by Peugeot. On October 11, 1983, Plaintiff responded, claiming attorney's fees under the MMA. Plaintiff's Answers to Interrogatories at ¶ 17. On October 28, 1983, Defendant Peugeot denied any liability under the MMA for attorney's fees in answer to Defendant Dean's crossclaim. Peugeot Answer to Dean Crossclaim at ¶ 6. The issue of attorney's fees also was raised at a hearing on August 6, 1984 when the Court instructed counsel to be prepared to address the issue at the next scheduled hearing. On April 26, 1985, the parties filed their pretrial stipulation wherein Plaintiff claimed as part of his damages attorney's fees in connection with his breach of warranty claims. Again during a pretrial conference on July 10, 1985, six months before trial, Plaintiff's counsel stated his position that Plaintiff is entitled to attorney's fees under the MMA. At the

Court's direction, the parties briefed this issue prior to trial. Thus, it is clear that Defendant Peugeot was not prejudiced by lack of notice of this claim.

Furthermore, Defendant was not prejudiced by an inability to present additional evidence on this claim. Plaintiff's MMA claim relates to the same conduct alleged in the Complaint. Plaintiff premised his claim under the Act upon the same breach of warranty theories alleged in his Complaint. The Act creates a Federal private cause of action for breach of a written or implied warranty obligations similar to those provided under New Jersey law. 15 U.S.C. § 2310. The additional MMA claim would not alter Defendant's defense.

Defendant may be prejudiced in the sense that he could be liable for attorney's fees if the Complaint is deemed to be amended. However, this prejudice is not the type sought to be prevented by Rule 15's restrictions. *Cunningham v. Quaker Oats Co.,* 107 F.R.D. 66, 71 (W.D.N.Y. 1985). In addition Fed.R.Civ.P. 54(c) supports a finding that plaintiff is not barred from seeking a fee award in this case for failure to formally plead a claim under the MMA. Under Rule 54(c), it is not necessary that plaintiff set forth the legal theory on which he relies if he sets forth sufficient factual allegations to state a claim showing that he is entitled to any relief which the court may grant. *Rohler v. TRW, Inc.,* 576 F.2d 1260, 1264 (7th Cir.1978). *See Engel v. Teleprompter Corp.,* 732 F.2d 1238 (5th Cir.1984) (Failure to seek attorney's fees in its pleadings did not bar "prevailing party" from seeking a fee award under a contract).

Because we find no undue prejudice to Defendant Peugeot, we find that Plaintiff's failure to plead the MMA claim in his complaint does not bar his present petition for attorney's fees under that Act.

*Jurisdiction*

Defendant contends that Plaintiff's failure to satisfy the jurisdictional parameters of the MMA precludes a fee award under that Act.

An MMA action may be brought in state or federal court. 15 U.S.C. § 2310(d)(1)(A)–(B). However, federal jurisdiction is restricted by § 2310(d)(3) which provides that no claim can be brought in a United States district court:

(A) if the amount in controversy of any individual claim is less than the sum or value of $25;

(B) if the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit; or

(C) if the action is brought as a class action, and the number of named plaintiffs is less than one hundred.

15 U.S.C. § 2310(d)(3).

Plaintiff admits that his claim was for an amount less than $50,000, but contends that the $50,000 jurisdictional amount applies only to actions relying on the MMA for federal jurisdiction. He argues that this court has pendent jurisdiction over his MMA claim because his claim under NJSA 12A:2–608 is fully cognizable in federal court by reason of diversity jurisdiction.

In *Lieb v. American Motors Corp.,* 538 F.Supp. 127, 140 (S.D.N.Y.1982), the only case directly on point which Defendant cited, the buyer of a vehicle sued the vehicle's manufacturer in federal court alleging three state law claims and an MMA class action claim. The court found that diversity jurisdiction supported one of the state law claims, but that Plaintiff did not fulfill the MMA amount in controversy requirement of $50,000 with regard to his claim under that Act. Although it had the power to hear the MMA claim under pendent jurisdiction, the court declined to exercise that power reasoning that the exercise of pendent jurisdiction would create a risk of disturbing the balance of judicial power. The court was concerned that, without the $50,000 jurisdictional requirement, any consumer action arising under the Act could be brought in federal court under 28 U.S.C. § 1337 (1976). This risk outweighed considerations of judicial economy, convenience and fairness to the litigants. Fur-

916

ther, the court noted that courts should decline to exercise pendent jurisdiction where congressional intent clearly opposes such jurisdiction. *Lieb,* 538 F.Supp. at 139–140. The court then found that Congress "implicitly" negated pendent jurisdiction of claims for less than $50,000 made under the MMA. *Lieb,* 538 F.Supp. at 140.

In *Brummett v. Skyline Corp.,* 38 Fed. R.Serv.2d (Callaghan) 1443 (W.D.Ky.1984), the case Plaintiff relies on, plaintiff made a claim for attorney's fees under MMA. After defendant removed the case to federal court on diversity grounds, it sought to have the MMA count dismissed. The court refused, holding that the court should exercise pendent jurisdiction over the MMA claim to prevent the defendant from taking unfair advantage of removal. To decline pendent jurisdiction, the court reasoned, would be to encourage duplicative parallel actions in state and federal court. *Brummett,* 38 Fed.R.Serv.2d at 1444. We agree with the philosophy expressed by the *Brummett* court and feel that requiring Plaintiff to pursue the MMA claim in state court would be a wasteful gesture.

■ We respectfully decline to adopt the rationale of the *Lieb* court. First, we find no congressional intent opposing the exercise of pendent jurisdiction. In fact, legislative history states that "The purpose of [the Act's] jurisdictional provisions is to avoid trivial or insignificant actions being brought as class actions in the federal courts." House Report No. 93–1107, 4 U.S. Code Cong. & Admin.News, 7702, 7724 (1974). Such intent will not be frustrated in this case since this action was already properly before us on diversity grounds. By exercising pendent jurisdiction, we simply allow the additional MMA claim to be raised in an action already pending. As noted earlier, the issues are the same in this case, and no additional evidence would be required due to the addition of this claim. Joinder of this claim did not lengthen the trial nor affect this court's ability to function efficiently. We concur with the *Brummett* court's belief that "congressional intent does not dictate our remanding

one integrally involved claim to state court, thereby creating the unfavored situation of piecemeal litigation." *Brummett,* 38 Fed. R.Serv.2d at 1444–45.

Furthermore, the *Lieb* court's concern that should federal courts exercise pendent jurisdiction of MMA claims, any consumer action could be brought in federal court, pursuant to 28 U.S.C. § 1337 (1976) is unfounded. Section 1337, permitting jurisdiction over civil controversies arising out of an Act of Congress regulating commerce, does not provide a jurisdictional basis independent of those jurisdictional requirements enumerated in the MMA, 15 U.S.C. § 2310(d)(3). *Abraham v. Volkswagen of America, Inc.,* 103 F.R.D. 358, 360 (W.D.N. Y.1984); *Schafer v. Chrysler Corp.,* 544 F.Supp. 182, 184 (N.D.Ind.1982); *Watts v. Volkswagen Artiengesellschaft,* 488 F.Supp. 1233, 1236 (W.D.Ark.1980). *See* House Report No. 93–1107, 4 U.S.Code Cong. & Admin.News, pp. 7702, 7724 (1974). *See also* 32 Federal Procedure, L.Ed. § 75: 441, p. 401 (T. Goger ed. 1985).

Our decision is further supported by the Supreme Court's 6 to 3 decision in *Hagans v. Lavine,* 415 U.S. 528, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974). In that case, the plaintiff alleged one constitutional claim and another federal question claim which failed to satisfy the then existing amount in controversy requirement. 28 U.S.C. § 1331. Although the statutory claim had no independent jurisdictional basis, the Supreme Court held that the federal court had pendent jurisdiction over that claim, reasoning that consolidating claims within the court's subject matter jurisdiction with claims arising under federal law, but not satisfying the amount-in-controversy requirement of the jurisdictional statutes, enhanced efficiency without the risk of misreading state law or encroaching upon state sovereignty. *Lieb,* 538 F.Supp. at 139 (citing *Hagans,* 415 U.S. at 548, 94 S.Ct. at 1385).

■ Finally, the fact that Plaintiff did not plead pendent jurisdiction is no bar. Plaintiff's pleading diversity jurisdiction and the facts that arise out of the same nucleus of operating facts is sufficient.

*See* 3A Moore's Federal Practice ¶ 18.07 [i.–5], pp. 18–65, 67; *see also Aguirre v. Automotive Teamsters*, 633 F.2d 168, 174 (9th Cir.1980); *Lentino v. Fringe Employee Plans, Inc.*, 611 F.2d 474 (3d Cir.1979). We believe our exercising pendent jurisdiction over Plaintiff's MMA claim in this case will result in substantial judicial economy and the promotion of justice.

### Attorney's Fees

Having found the MMA claim properly before us, we must now consider whether Plaintiff is entitled to attorney's fees under that Act.

Section 2310(d)(2) provides:

If a consumer finally prevails in any action brought under paragraph (1) of this subsection, he may be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of cost and expenses (including attorneys' fees based on actual time expended) determined by the court to have been reasonably incurred by the plaintiff for or in connection with the commencement and prosecution of such action, unless the court in its discretion shall determine that such an award of attorneys' fees would be inappropriate.

Insofar as it pertains to the MMA, Plaintiff's claim arises pursuant to paragraph (1); however, this claim was never submitted to the jury. We refused to submit instructions to the jury regarding the Act because Plaintiff would not be entitled to any additional relief under the Act than he would under his claim for revocation. Plaintiff's substantive MMA claim, had it been submitted to the jury as such, would have mirrored his claim under NSJA 12A:2–608. The jury was instructed that in order to find that Plaintiff revoked his acceptance, he must show that the vehicle contained defects which substantially impaired the value of the car and that the value of the car would be substantially impaired only if the defects substantially interfered with the safety, integrity, and operation of the car. The jury was further instructed that if they found that Plaintiff

did not provide Defendant with a reasonable opportunity to correct those defects, they must find that the value of the car was not substantially impaired. The jury answered special interrogatories which clearly indicate that they found that the car contained defects, that the value of the car was substantially impaired and that Defendant Peugeot was given a reasonable opportunity to correct the defects. To prevail on his MMA claim, Plaintiff would have to prove: (1) that Defendant Peugeot breached an implied or written warranty and (2) that Defendant Peugeot was afforded a reasonable opportunity to cure the failure to comply with its warranty obligations. 15 U.S.C. § 2310(d) and (e).

As stated above, the second element was clearly established as it was a necessary element of the revocation of acceptance claim. Although the jury did not expressly decide whether the defendant breached an express warranty or an implied warranty of merchantability, such a finding was implicit in its verdict. To establish that Defendant Peugeot breached the implied warranty, the jury would have to have found that at the time of sale, the vehicle was not reasonably fit for the ordinary purpose for which vehicles of this type are usually used. Such a finding was likewise required in the jury verdict to permit revocation of acceptance under NJSA 12A:2–608. *See Black v. Don Schmid Motor, Inc.*, 232 Kan. 458, 657 P.2d 517 (1983), (MMA attorney's fees awarded where jury found that Plaintiff had properly revoked acceptance).

For this reason, we believe Plaintiff prevailed on his MMA claim and although we recognize that an award under that Act is discretionary, we believe Plaintiff is entitled to attorney's fees in this case. Where a statutory provision authorizes a fee award, such an award becomes the rule rather than the exception and should be awarded routinely. *See Engel v. Teleprompter Corp.*, 732 F.2d at 1241.

In *Smith v. Robinson*, 468 U.S. ——, 104 S.Ct. 3457, 82 L.Ed.2d 746 (1984), the court held that attorney's fees must be denied where Plaintiff's recovery clearly did not

stem from the statute under which attorney's fees were requested. Plaintiffs in *Smith* had amended their complaint to seek relief under a fee generating statute after it had already been determined that they were entitled to relief under a statute not providing for fees. The court held that "[t]here is, of course, nothing wrong with seeking relief on the basis of certain statutes because they provide for attorney's fees, or with amending a complaint to include claims that provide for attorney's fees," but where it is clear that the claims that provide for attorney's fees had nothing to do with a plaintiff's success, attorney's fees cannot be awarded on the basis of those claims.

In this case, Plaintiff's MMA claim was reasonably related to his success on his revocation of acceptance claim. Plaintiff first asserted his claim for attorney's fees under the MMA over two years before trial and before the jury verdict granting him relief on his non-fee claim. Further, his MMA claim arose from a common nucleus of operative facts and was closely related to the claim on which he prevailed. *See McDonald v. Doe*, 748 F.2d 1055, 1057 (5th Cir.1984) (because a court may assume jurisdiction of a pendent claim only where it and the federal claim arise from a common nucleus of operative fact, success on the state law claims is sufficiently related to the Plaintiff's success to require a fee award). *See also Maher v. Gagne*, 448 U.S. 122, 100 S.Ct. 2570, 65 L.Ed.2d 653 (1980).

*Conclusion*

We find that Defendant Peugeot will not be prejudiced by amending the complaint to include a claim under the MMA, that this court can properly exercise pendent jurisdiction over the MMA claim even though it does not meet independent federal jurisdictional requirements, and that Plaintiff prevailed on the substantive elements of an MMA claim. Consequently, we will grant Plaintiff's Petition for Attorney's Fees and direct that Plaintiff's counsel file an affidavit within 20 days setting forth the hours reasonably expended by him preparing and

prosecuting his claim under the MMA and his usual hourly rate for such services in accordance with the principles set forth in *Tomallo v. Heckler*, 623 F.Supp. 1046 (W.D.Pa.1985).