Barbara B. **FERRONI**, Victor
F. Ferroni

v.

**GENERAL MOTORS CORPORATION,
PONTIAC DIVISION.**

Civ. A. No. 86–5108.

United States District Court,
E.D. Pennsylvania.

Jan. 7, 1987.

----

Paul I. Guest, Jr., King of Prussia, Pa., for plaintiffs.

Joseph A. McGinley, George J. Lavin, Jr. Assoc., Philadelphia, Pa., for defendant.

## MEMORANDUM

JOSEPH S. LORD, III, Senior District Judge.

Plaintiff originally brought this action in the Court of Common Pleas of Delaware County, alleging four causes of action. Count II is based upon the Magnuson–Moss Act, 15 U.S.C. § 2310(d)(3)(B). The defendant removed the case to this court on the basis of diversity of citizenship. The plaintiff has moved to remand Count II arguing that I have no independent subject matter jurisdiction over that count since the damages alleged are not in excess of the required statutory minimum of $50,-000.00. For the reasons stated by my brother Judge Clifford Scott Green in *Lorber v. General Motors Corporation*, No. 86–4175 (E.D.Pa. Nov. 7, 1986) [available on WESTLAW, 1986 WL 12778], I shall deny the motion to remand.

I add only a few words. It may be argued that in fixing a $50,000.00 threshold requirement for Magnuson–Moss Act federal jurisdiction, Congress voiced a policy decision which would deny federal cognizance of smaller claims. But it could be equally well argued that the framers of the Constitution articulated a clear policy against federal jurisdiction over state law claims involving non-diverse parties. And yet, it is well settled that where a cognizable federal cause of action is alleged, the federal court may exercise pendent jurisdiction over state claims even though diversity of citizenship is lacking. I can see no qualitative difference between the exercise of pendent jurisdiction over a non-federal claim with no diversity of citizenship and the exercise of jurisdiction over a pendent federal claim where federal access is based upon diversity of citizenship even though the jurisdictional amount for the federal claim is lacking. Certainly, a policy embedded in the Constitution carries greater policy weight than a statutory requirement of Congress. Diverse citizenship is demanded by the Constitution, while the Magnuson–Moss jurisdictional amount was sired by Congress.

Furthermore, it would be permissible to remand only Count II, pursuant to 28 U.S.C. § 1441(c). However, as jurisdiction over the state claims has been properly invoked pursuant to 28 U.S.C. § 1332, those claims are entitled to federal determination and cannot be remanded. In *Willcox v. Consolidated Gas Company of New York*, 212

U.S. 19, 29 S.Ct. 192, 53 L.Ed. 382 (1909), the Court said:

> ... When a Federal court is properly appealed to in a case over which it has by law jurisdiction, it is its duty to take such jurisdiction.... The right of a party plaintiff to choose a Federal court where there is a choice cannot be properly denied.

*Willcox,* 212 U.S. at 40, 29 S.Ct. at 195. *See also Cohens v. Virginia,* 19 U.S. (6 Wheat.) 264, 404, 5 L.Ed. 257 (1821); *McClellan v. Carland,* 217 U.S. 268, 30 S.Ct. 501, 54 L.Ed. 762 (1910); *Harris v. Pernsley,* 755 F.2d 338 (3d Cir.1985). Piecemeal litigation and judicial duplication would be a necessary potential. Although the exercise of pendent jurisdiction is discretionary, *United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966), judicial economy and efficiency persuade me to deny the motion to remand.