Veronica M. WETZEL

v.

**AMERICAN MOTORS CORPORATION.**

Civ. A. No. 87-2742.

United States District Court,
E.D. Pennsylvania.

May 5, 1988.

Paul I. Guest, Jr., King of Prussia, Pa., for Veronica M. Wetzel.

Sharon R. Donofrio, Philadelphia, Pa., for American Motors Corp.

## MEMORANDUM AND ORDER

SHAPIRO, District Judge.

Plaintiff, Veronica M. Wetzel, has instituted this action against defendant, American Motors Corporation, to recover for the purchase of an allegedly defective 1986 Renault Alliance Sedan; the parties are of diverse citizenship and jurisdiction is asserted under 28 U.S.C. § 1332. The first three counts of the amended complaint are based on Pennsylvania statutory law. Count I asserts a claim under the Pennsylvania Automobile Lemon Law, 73 Pa.Cons. Stat. § 1952 *et seq.* Count II is based on the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 Pa.Cons. Stat. § 201–1 *et seq.* Count III alleges violations of the implied and express warranty provisions of the Uniform Commercial Code as adopted in Pennsylvania, 13 Pa.Cons.Stat. §§ 2313, 2314, and 2315. Count IV asserts a claim under the Magnuson–Moss Warranty Act, 15 U.S.C. § 2301 *et seq.* Defendant moves to dismiss Count IV for lack of subject matter jurisdiction.

The Magnuson–Moss Warranty Act ("MMWA") provides a cause of action for

damages, reasonable costs and fees, and other legal and equitable relief in state court or, with certain limitations, in federal court. Title 15 U.S.C. § 2310(d)(1) provides:

Subject to subsections (a)(3) and (e) of this section, a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty, or service contract, may bring suit for damages and other legal and equitable relief—

(A) in any court of competent jurisdiction in any State or the District of Columbia; or

(B) in an appropriate district court of the United States, subject to paragraph (3) of this subsection.

■ There is no limit on the amount in controversy in a state court action but 15 U.S.C. § 2310(d)(3) imposes a limit on federal court jurisdiction:

No claim shall be cognizable in a suit brought under paragraph (1)(B) of this subsection—

(A) if the amount in controversy of any individual claim is less than the sum or value of $25;

(B) if the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit; or

(C) if the action is brought as a class action, and the number of named plaintiffs is less than one hundred.[1]

Plaintiff avers that the purchase price of the automobile was $11,165.40; the maximum recoverable damages are treble that amount, or $33,496.20. Both these sums

are less than $50,000.[2] Defendant argues that the amount in controversy is insufficient to invoke federal jurisdiction under the MMWA, so this court does not have subject matter jurisdiction over plaintiff's MMWA claim. However, plaintiff asserts federal jurisdiction by reason of diversity of citizenship and pendent jurisdiction over the MMWA claim.

■ The issue is whether the jurisdictional amount required by MMWA as a basis for federal jurisdiction precludes any MMWA claim in federal court with less than the amount in controversy even if there is independent jurisdiction based on diversity of citizenship, 28 U.S.C. § 1332. We hold that the MMWA limitation on the amount in controversy precludes a federal cause of action where jurisdiction is predicated only on federal question jurisdiction (28 U.S.C. §§ 1331, 1337), but does not preclude federal jurisdiction where there are state claims to which the MMWA claim is pendent and the parties are of diverse citizenship. Defendant's motion will be denied.

It is undisputed that this court has jurisdiction over Counts I, II, and III based on diversity of citizenship of the parties. Plaintiff argues there is pendent jurisdiction over Count IV.

■ When a federal court has federal question jurisdiction, that court has pendent jurisdiction over state claims as to which there would otherwise be no federal jurisdiction if they derive from "a common nucleus of operative fact" to the federal question properly before it. There is pendent federal jurisdiction over the state claims if "a plaintiff's claims are such that he would ordinarily be expected to try them in one judicial proceeding." *United Mine*

---

1. In other words,

in order that such a suit be brought in a district court of the United States (1) each individual claim would have to exceed the sum or value of $25.00, (2) the matter in controversy would have to exceed the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in the suit, *and* (3) if brought as a class action, the number of named plaintiffs would have to equal or exceed 100.

H.R.Rep. No. 1107, 93d Cong., 2d sess., reprinted in [1974] U.S.Code Cong. & Ad.News 7702, 7724 (emphasis supplied).

2. No punitive damages are claimed but an allegation of punitive damages would not raise the amount in controversy to $50,000 or more; *see, e.g., Novosel v. Northway Motor Car Corp.,* 460 F.Supp. 541 (N.D.N.Y.1978).

*Workers v. Gibbs*, 383 U.S. 715, 725–26, 86 S.Ct. 1130, 1138–39, 16 L.Ed.2d 218 (1966). Even if there is a constitutional and statutory basis for pendent jurisdiction, the federal court may use its discretion in deciding if it is in the interests of "judicial economy, convenience and fairness to litigants" to exercise pendent jurisdiction. *Id.*

■ The issue here is whether when a federal court has diversity jurisdiction over a state claim, it has pendent jurisdiction over a federal claim that derives from "a common nucleus of operative fact" to a state claim properly before it even if there would otherwise be no federal jurisdiction for lack of the requisite amount in controversy. Here the plaintiff's MMWA and state claims are such that she would ordinarily be expected to try them in one judicial proceeding and it is in the interests of judicial economy, convenience and fairness to the litigants to retain jurisdiction.

> Pendent jurisdiction, in the sense of judicial *power*, exists whenever there is a claim "arising under [the] Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority....," U.S. Const., Art. III, sec. 2, and the relationship between that claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional "case."

*Gibbs, supra*, 383 U.S. at 725, 86 S.Ct. at 1138.

The Constitution, Article III, Section 2, likewise extends the power of federal courts to cases and controversies "between citizens of different states." It is reasonable to assume that the Constitutional grant of diversity jurisdiction as well as federal question jurisdiction includes claims so related that the entire action before the court comprises but one constitutional "case." If so, there is jurisdiction in the sense of judicial power over *claims* pendent to a case or controversy between citizens of different states.

*Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978), held that plaintiff could not assert a claim against a non-diverse party impleaded by the defendant even though the claims arose out of a common nucleus of operative fact (so-called "pendent party" jurisdiction), in order not to subvert the policy of complete diversity dictated by the holding in *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806), and Congressional acquiescence therein by inaction. *See also Aldinger v. Howard*, 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed. 2d 276 (1976) (federal claims against county employees could not provide a basis for pendent jurisdiction over state claims against the county); *Zahn v. International Paper Co.*, 414 U.S. 291, 94 S.Ct. 505, 38 L.Ed.2d 511 (1973) (each class member's claim in diversity must exceed requisite jurisdictional amount).

The Supreme Court in *Owen Equipment* specifically left open whether the constitutional holding in *Gibbs* applied to diversity of citizenship jurisdiction; it assumed without deciding that the *Gibbs* "test also determines the outer boundaries of constitutionally permissible federal jurisdiction when that jurisdiction is based upon diversity of citizenship." 437 U.S. at 371 n. 10, 98 S.Ct. at 2401 n. 10. *See also* Schenkier, "Ensuring Access to Federal Courts: A Revised Rationale for Pendent Jurisdiction," 75 Nw.U.L.Rev. 245, 279 (1980).

The statute conferring jurisdiction over federal questions, in *Gibbs*, read: "The district courts shall have original jurisdiction of all *civil actions* wherein the matter ... arises under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Thus, if one claim of several arises under a law of the United States, the entire civil action can be heard in federal court.[3] The diversity of citizenship statute similarly confers jurisdiction over "all civil actions ... between (1) citizens of different states...." 28 U.S.C. § 1332. Consistently

---

**3.** *See, e.g., Hargrave v. Oki Nursery, Inc.*, 646 F.2d 716, 719 (2d Cir.1980) ("The word 'action' has been commonly understood to denote not merely a 'claim' or 'cause of action' but 'the entire controversy,' and is so used in the Federal Rules of Civil Procedure.").

interpreting the term "civil action,"[4] this court has statutory jurisdictional power over the MMWA claim as well as the state claims.

The problems presented if a pendent party is provided a federal forum to which he or she is not otherwise entitled are not the same as if a federal claim is heard between parties with related state claims properly in federal court under the doctrine of pendent jurisdiction. The *Aldinger* court specifically emphasized the distinction:

> [Courts should consider] whether by virtue of the statutory grant of subject-matter jurisdiction, upon which [plaintiff's] principal claim against the [defendant] rests, Congress has addressed itself to the *party* as to whom jurisdiction pendent to the principal claim is sought.

*Aldinger, supra,* 427 U.S. at 16, 96 S.Ct. at 2421 (emphasis in original).

█ When this court has diversity jurisdiction, it has the constitutional and statutory power to exercise pendent jurisdiction over a federal claim with a common nucleus of operative fact. Where a basis for federal jurisdiction exists by reason of diversity of citizenship, failure to meet the jurisdictional amount prerequisite for independent jurisdiction over the federal question does not bar a federal court's power to exercise pendent jurisdiction over the federal claim. *See, e.g., Hagans v. Lavine,* 415 U.S. 528, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974) (where there is a substantial constitutional claim, the federal court may exercise pendent jurisdiction over a related federal statutory claim without the then applicable requisite amount in controversy under 28 U.S.C. § 1331).

The MMWA claim and the state claims "derive from a common nucleus of operative fact," and the "plaintiff's claims are such that [she] would ordinarily be expected to try them all in one judicial proceeding." *Gibbs, supra,* 383 U.S. at 725–26, 86 S.Ct. at 1138–39. Therefore, this court has the constitutional and statutory power to

hear the MMWA claim unless Congress expressly intended to preclude such jurisdiction. *See, e.g., Aldinger, supra,* 427 U.S. at 17, 96 S.Ct. at 2421.

█ Congress can limit the general grant of diversity jurisdiction under 28 U.S.C. § 1332 as it can other grants of jurisdiction. *See, e.g., Sheldon v. Sill,* 49 U.S. (8 How.) 441, 12 L.Ed. 1147 (1850); *Ex parte McCardle,* 74 U.S. (7 Wall.) 506, 19 L.Ed. 264 (1869). However, any such limitation must be imposed by a clear expression of Congressional intent.

> It is well settled that repeals by implication are not to be favored. And where two statutes cover, in whole or in part, the same matter, and are not absolutely irreconcilable, the duty of the court—no purpose to repeal being clearly expressed or indicated—is, if possible, to give effect to both. In other words, it must not be supposed that the legislature intended by a later statute to repeal a prior one on the same subject, unless the last statute is so broad in its terms and so clear and explicit in its words as to show that it was intended to cover the whole subject, and, therefore, to displace the prior statute. [Citations omitted].

*Frost v. Wenie,* 157 U.S. 46, 58, 15 S.Ct. 532, 537, 39 L.Ed. 614 (1895); *accord Morton v. Mancari,* 417 U.S. 535, 549, 94 S.Ct. 2474, 2482, 41 L.Ed.2d 290 (1974), 1A Singer, Sutherland's Statutory Construction (Sands 4th ed. 1985) Sec. 23.10 p. 346.

█ There is no express statement eliminating diversity jurisdiction over all MMWA claims, nor should one be implied. The language of MMWA itself makes clear that the statute does not provide an *independent* basis for federal jurisdiction if the sum or value is less than $50,000, on the basis of all claims asserted, but it does not manifest an intention to limit the district courts' general diversity jurisdiction.

MMWA states that "no claim shall be cognizable in a suit *brought under paragraph (1)(B) of this subsection*—... (B) if

---

4. "Use of the same language in various enactments dealing with the same subject matter, here the jurisdiction of the federal district courts, is a strong indication that the statutes should be interpreted to mean the same thing. *See, e.g., Northcross v. Board of Education,* 412 U.S. 427, 93 S.Ct. 2201, 37 L.Ed.2d 48 (1973)." *Hargrave, supra,* 646 F.2d at 720.

the amount in controversy is less than ... $50,000.00...." 15 U.S.C. § 2310(d)(3) (emphasis added). The limitation of jurisdictional amount applies by its terms to suits *brought under* the statute; if the suit is brought under the statute, jurisdiction is based on 28 U.S.C. § 1331 or § 1337 [5] and not on 28 U.S.C. § 1332, diversity of citizenship.

The legislative history does not address this issue. The House Report states: "The purpose of these jurisdictional provisions is to avoid trivial or insignificant actions being brought as class actions in the federal courts." H.R.Rep. No. 1107, 93d Cong., 2d Sess., reprinted in [1974] U.S.Code Cong. & Ad.News 7702, 7724 (hereinafter "Report"). It does not refer to individual *non*-class actions or explain the purpose of their limitation. But if there is an analogous concern for triviality, in cases between parties of diverse citizenship, this threshold is met by a jurisdictional amount of $10,000. *See* 28 U.S.C. § 1332. The amount in controversy here exceeds that amount.

Another reason a limitation on jurisdictional amount on federal cases was included, according to the Report at 7724, was to avoid creating jurisdiction for trivial cases *under § 1337*. Under that section, district courts have jurisdiction without regard to the amount in controversy. Section 1337 was originally enacted to allow federal jurisdiction in certain federal question cases regardless of the amount in controversy because 28 U.S.C. § 1331, general federal question jurisdiction, formerly required a specific amount in controversy. *See Lynch v. Household Finance Corp.*, 405 U.S. 538, 549–50, 92 S.Ct. 1113, 1120–21, 31 L.Ed.2d 424 (1972). If, as here, there is an independent basis for diversity jurisdiction apart from federal question jurisdiction, that concern is unwarranted because there is a requisite amount in controversy to assert diversity jurisdiction.

The inconsistency of a Congressionally-imposed limitation on the amount in controversy for federal question jurisdiction over MMWA claims if there is a different limitation on the amount in controversy when there is diversity jurisdiction is not determinative. Unlike federal question jurisdiction, diversity jurisdiction is based not on the nature of the cause of action but on the citizenship of the parties. The "fear that state courts would be prejudiced against those litigants from out of state," Wright, Law of Federal Courts (West 1970) at 73, and other traditional explanations for diversity jurisdiction, exist regardless of the nature of the claim.

In the absence of a specific Congressional indication that diversity jurisdiction is limited by the jurisdictional amount required for federal question jurisdiction of MMWA claims, this court has pendent jurisdiction over Count IV, the MMWA claim, because the parties are of diverse citizenship, there are state claims and the claims exceed $10,000.

■ Even though the court has the power to entertain pendent jurisdiction, it may also decide whether to do so. In the exercise of this discretion, the court considers "judicial economy, convenience and fairness to litigants." *Gibbs, supra,* 383 U.S. at 726, 86 S.Ct. at 1139. In terms of judicial economy, it would be a wasteful allocation of judical resources to have a parallel state proceeding on the MMWA claim when the operative facts are essentially identical to the state claims properly before this court. The federal caseload would not be perceptibly increased by entertaining the MMWA claim with three other claims sharing a common nucleus of operative fact. Nor would the MMWA claim significantly increase the length of the trial of this matter.

It would not be convenient or fair to the plaintiff to dismiss the MMWA claim in view of the minimal prejudice to the defendant if the claim were heard in this forum. If this court were to dismiss the MMWA claim, in order to pursue that claim, plaintiff would have two alternatives. Plaintiff might bring a separate ac-

---

**5.** Title 28 U.S.C. § 1337(a) provides:
The district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating Commerce....

tion under the MMWA in state court at additional expense and burden. The plaintiff might, in the alternative, bring an action for all claims in state court, but this option would deprive her of the federal forum to which she is entitled for her state claims. It is preferable to hear all claims together by allowing plaintiff a federal forum.

One concern of the *Gibbs* court was that a party might use an insubstantial federal claim to gain a federal forum for state claims that would not otherwise be heard in federal court. *Gibbs, supra,* 383 U.S. at 726–27, 86 S.Ct. at 1139. But where the parties are concededly of diverse citizenship and the requisite jurisdictional amount is present, there is already a federal forum for the state claims. The pendent federal claim does not gain a federal forum, but merely utilizes one already there.

Judicial comity may also be a factor in declining to exercise discretionary pendent jurisdiction to defer to state court interpretation of state laws. "These considerations favoring state adjudication are wholly irrelevant where the pendent claim is *federal* but is itself beyond the jurisdiction of the district court for failure to satisfy the amount in controversy. In such cases, the federal court's rendition of federal law will be at least as sure-footed and lasting as any judgment from the state courts." *Hagans, supra,* 415 U.S. at 548, 94 S.Ct. at 1385. Here, the federal court has as much interest as a state court in interpreting the MMWA, a federal law.

These discretionary considerations must be weighed against the language of the MMWA and the intent of Congress in creating an entitlement to remedy in both state and federal court with an amount in controversy limitation on the federal forum. Pendent jurisdiction has been long established and its rationale well understood. If Congress had intended to eliminate a federal forum for pendent MMWA claims, it could have so stated. The exercise of pendent jurisdiction is appropriate in this context.

Other courts have faced this issue. In *Seybold v. Francis P. Dean, Inc.,* 628

F.Supp. 912 (W.D.Pa.1986), plaintiff's complaint alleged three state law claims regarding a defective automobile. Jurisdiction was based on diversity of citizenship. In permitting the plaintiff to amend his pleading after trial to include an MMWA claim for attorneys' fees, the court entertained the MMWA claim as pendent to the state claims because the same issues were involved and no additional evidence or effort was required. "Joinder of this claim did not lengthen the trial nor affect this court's ability to function efficiently." *Id.* at 916.

In *Lieb v. American Motors Corp.,* 538 F.Supp. 127 (S.D.N.Y.1982), an automobile buyer tried to bring a class action under MMWA and three state grounds against the manufacturer in federal court but named only himself as a plaintiff. The court had diversity jurisdiction over one of the state claims but the amount in controversy was insufficient under MMWA. The court held that it had pendent jurisdiction to hear the federal claim. But on the particular facts, the court exercised discretion to decline jurisdiction over the MMWA claim because to do so would possibly have allowed a class action to proceed in federal court where it would otherwise not have been proper. The court found that hearing the MMWA class action claims would be in contravention of Congressional intent and the balance of judicial power between federal and state governments. The court reasoned that the inundation of federal courts with such pendent class action claims would outweigh considerations of judicial economy, convenience, and fairness to litigants. *Id.* at 138–41. Unlike *Lieb,* this case is not a class action. *See also Fleming v. Apollo Motor Homes, Inc.,* 87 F.R.D. 408 (M.D.N.C.1980) (dismissing MMWA claim, but retaining state warranty claim in diversity without discussing pendent jurisdiction).

In *Reiff v. Don Rosen Cadillac–BMW, Inc.,* 501 F.Supp. 77 (E.D.Pa.1980), the buyer of a car sued the manufacturer and dealer who sold him the car. After finding that two other federal claims failed to state a cause of action against the manufacturer,

the court held that plaintiff's MMWA claim must also be dismissed because the amount claimed was less than $50,000. But plaintiff and defendants were not completely diverse. The trial judge recognized that had there been independent diversity jurisdiction, the MMWA claim might have survived. *Id.* at 80.

Several decisions of this court have allowed MMWA claims to go forward when removed with diversity claims if the amount in controversy was greater than $10,000 but less than $50,000. *See Dworkin v. General Motors Corp.* No. 86–4768 (E.D.Pa. January 14, 1987) (Ditter, J.); *Ferroni v. General Motors Corp.*, 694 F.Supp. 1193 (E.D.Pa.1987) (Lord, J.); *Lorber v. General Motors Corp.*, No. 86–4175 (E.D.Pa. November 7, 1986) (Green, J.) [available on WESTLAW, 1986 WL 12778]; *see also Brummett v. Skyline Corp.*, 38 Fed.R.Serv. 2d (Callaghan) 1443 (W.D.Ky. 1984). These decisions can be distinguished because defendants removed the cases from state court under 28 U.S.C. § 1441(c) which expressly provides:

> Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

However, the fact that the courts exercised their discretionary jurisdiction over the MMWA claims is supportive of our position here.

Even if there were no state claims, the same arguments for exercise of pendent jurisdiction over the federal claim where there is independent jurisdiction by reason of the diversity of citizenship would support independent jurisdiction over this claim by reason of diversity of citizenship of the parties since the amount in contro-

versy is in excess of $10,000. 28 U.S.C. § 1332. There is no reason to believe that Congress in enacting the $50,000 amount in controversy requirement for MMWA jurisdiction under 28 U.S.C. § 1331 intended to preclude jurisdiction under 28 U.S.C. § 1332 if the amount in controversy is over $10,000 and the parties are diverse in citizenship. But since there is clearly federal jurisdiction over state claims to which the MMWA claim is pendent, there is no need to consider our jurisdiction if the only claim in controversy arose under MMWA.[6]

For the foregoing reasons, defendant's motion is denied.

---

**6.** *See* Reitz, Consumer Protection Under the Magnuson–Moss Warranty Act (P.L.I. 1978), p. 95 n. 1 ("Presumably, in an action based on diversity of citizenship, the smaller requirement of $10,000 as the amount in controversy [to get into federal court, rather than $50,000] would be applicable").